UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUSSELL E. BURNS, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EMPIRE ENGINEERING & CONSTRUCTION, INC., et al.,<br><br>　　　　Defendants. | Case No. 15-cv-02753-DMR<br><br>**ORDER TO SUBMIT SUPPLEMENTAL BRIEFING IN SUPPORT OF MOTION FOR DEFAULT JUDGMENT**<br><br>Re: Dkt. No. 23 |

On February 24, 2016, Plaintiffs filed a motion for default judgment. [Docket No. 23.] Having reviewed that motion, this court determines that Plaintiffs did not brief its entitlement to the entry of default judgment pursuant to the factors enumerated in the Ninth Circuit's decision in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

In order to recover damages after securing a default judgment, a plaintiff must prove the relief it seeks by submitting proper evidence by way of a sworn affidavit. *Bd. of Trs. of the Boilermaker Vacation Trust v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005); *see Pepsico, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (citing *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987)).

Plaintiffs claim 10% interest and liquidated damages as applied to all late paid and unpaid contributions. The Complaint and motion identify the months Plaintiffs claims they are entitled to interest and liquidated damages, but fail to provide information showing how the amounts of interest and liquidated damages for each month were calculated.[1] Compl. ¶15; Mot. at 2. Plaintiffs' chart, which provides the sum of interest and liquidated damages for all late paid contribution months, is insufficient for the court to assess whether these calculations are correct.

---

[1] Plaintiffs only indicate the contribution amounts for April, May, and June of 2015 to indicate how they assessed the contributions due for unreported months. Hayner Decl. ¶15.

*See* Hayner Decl. ¶ 16. Plaintiffs shall supplement their motion for default judgment by providing the court with information showing how they calculated, for each month, the interest and liquidated damage amounts they are claiming.

The Hayner Declaration states that once a lawsuit has been filed, the Bargaining and Trust Agreements provide that liquidated damages are calculated at 20% of the delinquent contributions. Hayner Decl. ¶ 10. Plaintiffs claim that they are entitled to liquidated damages at 20% of their late paid contribution for January- June 2015. MDJ at 14. Plaintiffs filed this lawsuit on June 18, 2015. Plaintiffs must provide support for the 20% liquidated damages calculation prior to the filing of the lawsuit.

Plaintiff shall submit additional briefing by **April 4, 2016,** to address the above deficiencies in the motion for default judgment. Any opposition or statement of non-opposition is due no later than **April 11, 2016.**

**Immediately upon receipt of this Order, Plaintiffs shall serve Defendants with a copy of this Order and file a proof of service with the court.**

**IT IS SO ORDERED.**

Dated: March 25, 2016

_____
Donna M. Ryu
United States Magistrate Judge